SHARP ET AL. *v.* CATRON, EXECUTOR, ESTATE OF
CATRON, DECEASED, ET AL.

[No. 20,421. Filed March 4, 1968. No petition for rehearing filed.]

*Millard C. Morrison, Morrison, Morrison & Morrison,* of Frankfort, and *John S. Grimes,* of Indianapolis, for appellants.

*Marshall, Hillis, Hillis & Button,* of Kokomo, *Power & Power,* and *Ryan & Hartzel,* of Frankfort, for appellees.

CARSON, C. J.—The action below in the Howard Circuit Court was a proceeding to determine the heirs at law of Tressie Stuart, who died intestate, a resident of Howard County, Indiana, on February 25, 1957.

The appellants and appellees agree that Tressie Stuart died a single women, intestate, leaving surviving her no issue, nor parent, nor issue of a parent, nor grandparent; that three (3) living uncles and an aunt surviving her on her maternal side and fifteen (15) living first cousins and first cousins, once removed, surviving issue of deceased aunts and uncles on her paternal side.

Upon agreement or by agreement of interested heirs, Co-Administrators were appointed and letters were issued. The Co-Administrators filed a petition to determine heirship, "under Section 6-201(c) 6 of Burns' Revised Statutes." A special judge was selected, qualified and assumed jurisdiction, on the matter of the Determination of Heirship.

The specific issue before the court was:

"Where a person dies intestate leaving no person surviving of closer degree of kinship to her than uncles and aunt, being children of deceased maternal grandparents, and first cousins and first cousins, once removed, being grandchildren and great grandchildren of deceased paternal grandparents, who inherits from the deceased and what proportion does each or all inherit?"

The appellees agree that this is a correct statement of the issue before the court and that there was no dispute in the evidence.

From an examination of the record, we conclude that the question to be determined by this court involves the construction and application of the provisions of the Acts of 1953, ch. 112, § 201, at page 295, which Act became effective January 1, 1954; that Tressie Stuart having died intestate on the 25th day of February, 1957, her estate was settled under the above Act.

Section 6-201(c), clause 6, Burns' Revised Statutes being Acts 1953, ch. 112, § 201, at page 295:

"If there is no surviving issue, or parent, or issue of a parent, or grandparent of the intestate, then to the issue of deceased grandparents in the nearest degree of kinship to

the intestate per capita without representation. The degree of kinship shall be computed according to the rules of the civil law; that is, by counting upward from the intestate to the nearest grandparent and then downward to the relative, the degree of kinship being the sum of these two [2] counts."

The finding and the judgment of the trial court was as follows:

"The petition of Mary Kesterson and Ralph Pollock, joint administrators, for an order determining heirship in the above entitled estate come on regularly to be heard on the 13th day of December, 1963, and it appearing to the Court that notice of the hearing has been given, as required by law, and after evidence heard and arguments of counsel, the Court now makes and renders judgment as follows, to-wit:

"The Court finds that that the decedent, Tressie Stuart, died intestate on the 25th day of February, 1957, and left the following relatives most nearly related to her by blood:

"Sarah C. Pollock, an aunt, Dessie A. Catron, an uncle, and Thomas A. Catron, an uncle.

"And the Court further finds that decedent left the following first cousins, namely:

"Iva A. Sharp, child of Lena Phillips, a deceased aunt.

"Bertha I. Cue, first cousin, child of Melissa Seaman, a deceased aunt.

"Oscar Maish, Elizabeth Amanda Louck and Henry Arthur Maish, first cousins, children of Eliza Jane Maish, a deceased aunt.

"Mary C. Kesterson and Elmer H. Stuart, first cousins, children of a deceased uncle, Joseph W. Stuart.

"Marie Thomas and Bertha Thayer, first cousins, children of Hiram Franklin Stuart, a deceased uncle.

"Also, the following first cousins once removed:

"Cloyd Maish and Luella Trueblood, first cousins once removed, children of Albert Maish, deceased, a first cousin who was the child of Eliza Jane Maish, a deceased aunt.

"Also, Orville Maish, Merrill Maish, Marvin Maish and Edith Bosworth, first cousins once removed, children of

Walter Maish, deceased, first cousin who was a child of Eliza Jane Maish, a deceased aunt.

"The Court further finds that the said Tressie Stuart left surviving her as her sole and only heirs at law the following:

"Her aunt, Sarah C. Pollock.

"Her Uncle, Dessie A. Catron.

"Her Uncle, Thomas A. Catron, and no others."

"The judgment of the Court on said finding and determination of heirship was as follows:

"It is now ordered and determined by the Court that Sarah C. Pollock, Dessie A. Catron and Thomas A. Catron are the sole heirs of Tressie Stuart, deceased, and are entitled to distribution of the estate in equal shares.

"All as ordered and decreed by the Court this 13th day of February, 1964.

s/ William B. Smith<br>
Special Judge<br>
Howard Circuit Court."

The motion for a new trial contained twelve (12) grounds as follows:

"(1) That the Court, in his decision, order and decree for February 13, 1964: (omitting reitteration of the decree) erred in his legal conclusion that the sole heirs-at-law of Tressie Stuart, deceased, intestate, are the surviving uncles and aunt, respectively, namely: Dessie A. Catron, Thomas A. Catron and Sarah C. Pollock, and are entitled to the entire distribution of the estate of Tressie Stuart, deceased, and that the first cousins Marie F. Thomas, Bertha B. Boyle (nee Thayer), Bertha I. Cue, and the first cousins once removed Wilbur F. Sharp, and Flossie May Thatcher, sole surviving heirs of Iva G. Sharp, and the estate of Oscar Maish, through its duly appointed, qualified and acting personal representative, The Farmers Bank, Frankfort, Indiana, Executor of the Last Will and Testament of said Oscar Maish, deceased first cousin of decedent Tressie Stuart, are not entitled to share in the distribution of said decedent's estate and that they take nothing.

"(2) That the Court, in his decision, order and decree for February 13, 1964, . . . erred in his conclusion of law.

"(3) That the Court, in his decision, order and decree for February 13, 1964, . . . committed an error of law in 'finding, ordering and determining and decreeing' that (same as at No. 1 above).

"(4) That the Court in his decision, order and decree for February 13, 1964, . . . committed an error of law occurring at the trial in 'finding, ordering, determining and decreeing' that (same as at No. 1 above).

"(5) That the court's decision is contrary to law, the decision, order and decree for February 13, 1964, . . . is contrary to law that (same as at No. 1 above).

"(6) That the decision is not sustained by sufficient evidence.

"(7) That the decision is contrary to law.

"(8) That the decision is not sustained by sufficient evidence and is contrary to law.

"(9) That the Court separately and severally erred in each of its respective separate and several conclusions of law.

"(10) Error of law occurring at the trial in this, that the Court separately and severally erred in each of its respective, separate and several conclusions of law upon which its judgment and decree was entered February 13, 1964.

"(11) Error of law occurring at the trial in this, that the Court erred in each of its respective, separate and several conclusions of law upon which its judgment and decree was entered February 13, 1964, that the heirs entitled to the distribution of the estate of Tressie Stuart are the then, at the time of her death, surviving uncles and aunt, Dessie A. Catron, Thomas A. Catron and Sarah C. Pollock, and no others.

"(12) Error of law occurring at the trial in this, that the Court erred in each of its respective, separate and several conclusions of law upon which its judgment and decree was entered February 15, 1964, that petitioners Wilbur P. Sharp and Flossie May Thatcher, sole heirs of Iva G. Sharp, deceased, and properly substituted of record in this cause as personal representatives of said decedent Iva G. Sharp, erroneously stated as 'Iva A. Sharp' in court decree, deceased cousin of decedent Tressie Stuart, Bertha B. Boyle (nee Thayer and so named in Court's decree), Marie F. Thomas, Bertha I. Cue, erroneously stated as 'Bertha L. Cue' in court decree, and estate of Oscar Maish, now deceased and represented herein by The Farmers

Bank, Frankfort, Indiana, Executor of the Last Will and Testament of said decedent Oscar Maish, and so substituted of record herein, take nothing in such cause."

The sole assignment of error was that the court erred in overruling the motion for a new trial.

In the argument portion of the appellants' brief, it is admitted that the evidence was stipulated and without dispute; that the relationship established by the evidence is without dispute and to these propositions, the appellees agree.

The appellants have very thoroughly exhausted the authorities both from this state and other jurisdictions defining the words used in the applicable statute, have referred this court to numerous citations, discussions under the Probate Study Commission at the time of the adoption of the statute in question, have pointed out that the "ambiguity" which appellants urge in the act in question was cleared by the Act of 1965, chapter 405, section 1. We do not think the language of the Act of 1953, *supra,* is ambiguous.

The appellants argue that this change clearly indicates the intention of the Legislature in the Act 1953, *supra,* by passing the Act of 1965, *supra,* containing language which embodies the construction urged by appellants.

With this argument we cannot agree. It appears to us that the change by the Legislature was made for the purpose of correcting a defect which seems to exist in the Act of 1953, *supra,* but does not necessarily authorize us, by judicial decision, to amend the 1953 Act. That would constitute legislation by judicial *fiat,* which is something that this court has repeatedly refused to do.

While we may be in sympathy with the position urged by the appellants, we nevertheless find that the statute in question is clear and unambiguous; that the findings and conclusions by the trial court were correct and supported by the laws of the State of Indiana and that the same should be affirmed.

Judgment affirmed.

Cooper, Faulconer, and Prime, JJ., concur.

NOTE.—Reported in 234 N. E. 2d 505.